UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

TERRY JEROME BROWN,                )
                                   )
             Plaintiff,            )
                                   )
        v.                         )      No. 13 C 2775
                                   )
DR. IMHOTEP CARTER, WARDEN MARCUS  )      Judge Rebecca R. Pallmeyer
HARDY, NURSE ALETHA HARPER, NURSE  )
TIFFANY UTKE, C/O SHAWNNEL GRUBBS, )
NURSE CYNTHIA GARGIA, ROYCE BROWN  )
REED, MADONNA MAIKAITIS, NURSE WENDY )
DYBAS, AND DR. SALEH OBAISI,       )
                                   )
             Defendants.           )

                    **MEMORANDUM OPINION AND ORDER**

   Terry Brown, an inmate at Stateville Correctional Center, filed this lawsuit under 42 U.S.C. § 1983 against several employees of the Illinois Department of Corrections ("IDOC") and the prison's medical care provider, Wexford Health Sources, Inc., claiming, among other things, that Defendants were deliberately indifferent to his medical need for a neck brace and crutch. After discovery, all defendants moved for summary judgment. The court granted that motion in part and denied it in part. (Mem. Op & Order (Mar. 29, 2017) [195].) With respect to Defendants Royce Brown-Reed, the health care unit administrator at Stateville, and Marcus Hardy, Stateville's former warden, the court observed that several grievances Brown directed to them went ignored, and concluded that there are disputes as to whether Brown-Reed and Hardy were deliberately indifferent to his medical need for his neck brace. IDOC has filed a motion to reconsider that determination. [196] As explained here, the motion is denied.

   A court should grant a motion to reconsider "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). IDOC presents no newly discovered evidence, and instead asserts that the court erred in finding that Brown notified Brown-Reed

and Hardy that he was at substantial risk of harm. IDOC is correct that prison officials are deliberately indifferent only where they "acted or failed to act despite [their] knowledge of a substantial risk [of harm]." *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). A recipient of a grievance, therefore, must independently meet the elements of a deliberate indifference claim in order to be liable for a constitutional violation; that is, the recipient must know of and disregard a substantial risk to inmate health. *See Gray*, 826 F.3d at 1008. The court concludes there are disputes of fact concerning these issues, precluding summary judgment

### A. Royce Brown-Reed

At least two of Brown's grievances made their way to the health care unit that Royce Brown-Reed supervised, where one of her job responsibilities was investigating inmate grievances related to health care. (Dep. of Royce Brown-Reed, Ex. D to IDOC Statement of Facts [hereinafter "Brown-Reed Dep."] [155-4], at 23:22–24:5.) In the first, on October 27, 2011, Brown complained that his medical permits had not been renewed, and that being deprived of the medical devices posed a threat of internal injury to him. (Offender's Grievance #4070 (Oct. 27, 2011), Ex. 6 to Pl.'s Resp. to IDOC SOF [168-7] ("Without my Medical [devices] there could be [internal] injuries").) A correctional officer at the institution, Shawnnel Grubbs, confiscated Brown's brace the next day, October 28, 2011 (IDOC Statement of Facts [hereinafter IDOC SOF] [155], at ¶¶ 31–32), a result Brown evidently anticipated when he filed the grievance. (*See* Offender's Grievance #4070.) The grievance was "forwarded to HCU for review and response" (*id.*), but there is no response in the record.

Once the brace was taken from him, Brown filed a second grievance. (Offender's Grievance #4155 (Nov. 8, 2011), Ex. 7 to Pl's Resp. to IDOC SOF [168-8].) There was no substantive response to this grievance; instead, the grievance counselor deemed it a duplicate and notified Brown that he had already received a response to this grievance on December 5,

2

2011. (*Id.*) But the December 5 response is not in the record, and neither is the grievance that the November 8 grievance supposedly duplicated. For the purposes of summary judgment, the court accepts the grievance counselor's assessment that an identical grievance had already made its way to the healthcare unit, putting Brown-Reed on notice that Plaintiff Brown's brace had been confiscated.

The November 8, 2011 grievance does not explicitly say that Brown was in pain, but a reasonable jury could find that the recipient of such a grievance would understand that a person in need of a neck brace faces a substantial risk of harm if he is deprived of it. Brown-Reed should have been on notice from the October 27, 2011 grievance that taking Brown's brace away posed a substantial risk of harm to him. Brown-Reed was free to perform an investigation and determine that there was no genuine risk, but nothing in the record memorializes any steps she may have taken. Given that absence of response, a jury could be persuaded that Brown-Reed completely ignored Brown's credible claims that he was at serious risk of harm.

Brown-Reed is not entitled to qualified immunity, as depriving an inmate of necessary pain-relieving measures is a well-established violation of the Eighth Amendment. *See Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (two-month denial of anti-acid prescription to acid reflux sufferer sufficient to survive summary judgment); *Diaz v. Godinez*, No. 16-2639, 2017 WL 2116175, at *2 (7th Cir. May 15, 2017) ("As we have explained repeatedly, turning a blind eye to a prisoner's complaints of readily treatable pain can constitute an Eighth Amendment violation, even if the condition is not life–threatening and the failure to treat does not exacerbate the condition.") The motion to reconsider is denied as to Royce Brown-Reed.

### B. Marcus Hardy

Because Brown filed the grievances described above as "emergencies," they were directed to Stateville's warden at the time, Marcus Hardy. IDOC argues that Hardy did not personally review the grievances and therefore did not have knowledge that Brown was at risk of harm. (IDOC SOF ¶ 21.) Brown asserts that Hardy was on notice of the risk because (1) the

grievances were returned to him signed "Marcus Hardy," and (2) Brown had a conversation with him in which he notified Hardy that he needed his neck brace back.

Hardy claims that he created a system in which he typically did not review grievances, and a designee merely signed his name to them. (IDOC SOF ¶¶ 19–21). Such a review system may not be constitutionally deficient. *See Thomas v. Knight*, 196 Fed. App'x 424, 429 (7th Cir. 2006) (prison superintendent not responsible for designee's denial of grievance); 20 Ill. Admin. Code § 504.805(a) (permitting wardens to delegate responsibilities). But the court is hesitant to endorse a system that immunizes prison supervisors from § 1983 liability who delegate grievance review to an individual who, at least in this case, was unidentified until the supervisor's deposition. *See Goodman v. Carter*, No. 2000 C 948, 2001 WL 755137, at *5 (N.D. Ill. Jul. 2, 2001) (denying summary judgment where designee not identified and warden's name appears on grievance); *see also Zirko v. Ghosh*, No. 10 C 08135, 2015 WL 6447768, at *15 (N.D. Ill. Oct. 26, 2015) (citing *Goodman* for the conclusion that a warden may not use Illinois code provisions that permit delegation "to escape personal knowledge and liability, . . . 'without disclosing to whom [the task of reviewing grievances] was delegated.'").

Brown submitted several grievances that returned to him signed with Marcus Hardy's name, and Hardy's *ipse dixit* does not eliminate all disputes of fact regarding whether he knew about a grievance upon which his signature appeared. *See Gray*, 826 F.3d at 1008 ("The response he received was signed by Warden Hardy."). Hardy's name on the grievance is not conclusive evidence that Hardy knew of the grievance, but Hardy's testimony that he knew nothing of the grievances does not by itself require summary judgment in his favor. Furthermore, if Hardy did insulate himself from knowledge of Brown's grievances, a jury find those circumstances suggest he turned a blind eye to serious grievances like Brown's. *See Childress v.* Walker, 787 F.3d 433, 440 (7th Cir. 2015) (warden that "instituted, condoned or willfully turned a blind eye to a practice" that caused prisoners to incur additional jail time would violate Eighth Amendment); *see also Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)

4

(denying summary judgment where prisoner alleged warden established policy of depriving inmates of First Amendment constitutional rights). A reasonable jury could further conclude, as above, that Hardy's failure to respond posed a risk of substantial harm to Brown.

Grievances aside, Brown claims that he had a conversation with Hardy in which he notified Hardy that his neck brace had been confiscated. Brown recalls that Hardy responded by telling him to sign up for sick call to get his permits back. (Pl.'s Resp. to IDOC SOF [168-1], at ¶ 22.) But Brown had already been down that road, having been seen several times by the medical staff and not having received his permits. (Pl.'s Resp. to IDOC SOF ¶ 36(a)–(d).) Brown may be able to persuade a jury that Hardy's telling him to return to the beginning of the bureaucratic line when he was immediately at risk of significant pain constituted deliberate indifference to his medical needs. *Cf. Diggs v. Ghosh*, 850 F.3d 905, 911–12 (7th Cir. 2017) (issue of material fact existed where prisoner asserted he had five conversations with warden about medical needs). Though IDOC attempts to distinguish *Diggs* on the grounds that the prisoner there asserted more conversations and specifically mentioned his pain to the warden, more than one conversation is not required to create a dispute of fact on this issue.

As above, Hardy is not entitled to qualified immunity. *Cf. Miller*, 794 F.3d at 880. IDOC argues that there is no clearly-established law that makes delegating review of grievances a constitutional violation, but the law need not be defined at that level of specificity. There is sufficient evidence in the record to survive summary judgment that Hardy was deliberately indifferent to Brown's need for necessary, pain-relieving measures, which is a clearly established constitutional violation.

## **CONCLUSION**

For the foregoing reasons, the IDOC Defendants' motion to reconsider [196] is denied.

ENTER:

Dated: May 31, 2017

REBECCA R. PALLMEYER
United States District Judge